UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH MICHAEL VITALE,<br><br>*Plaintiff*,<br><br>-against-<br><br>BEENVERIFIED, INC.,<br><br>*Defendant.* | Case No.: 1:21-cv-00817<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against Defendant BeenVerified, Inc. (hereafter "BeenVerified"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

2. Under the FCRA "consumer reports" subject to the statue's projections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C §§ 1681a(d)(1)(B).

3. Defendant BeenVerified is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as

1

BeenVerified. This action involves Defendant BeenVerified's systematic violation of several of those important rules.

5. In the alternative, if the FCRA is inapplicable, Plaintiff brings his claims against Defendant under New York General Business Law §349 (herein after "N.Y. Gen. Bus. Law), defamation and negligence.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 or in the alternative under 28 U.S.C. § 1332.

7. Supplemental jurisdiction arises under 28 U.S.C. 1367 for Plaintiff's State claims.

8. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff Joseph Michael Vitale is an adult individual who resides in the State of Florida.

10. Defendant BeenVerified, Inc. ("BeenVerified") is a consumer reporting agency that regularly conducts business in the Southern District of New York, and which has a principal place of business located at 48 W 38th St Fl 8, New York, NY 10018-00433.

## FACTUAL ALLEGATIONS

8. In or around October 2020, Plaintiff applied for a position with Megastar Advisors, LLC. ("Megastar") as a marketer.

9. As part of his job application, Plaintiff signed documents purportedly authorizing Megastar to obtain a consumer report for employment purposes.

10. Megastar requested a consumer report from BeenVerified, and BeenVerified sold to Megastar a consumer report concerning the Plaintiff on or around October 20, 2020.

11. The reports furnished by BeenVerified were for employment purposes.

12. The consumer reports contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Megastar.

13. Defendant BeenVerified has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

14. The inaccurate information includes, but is not limited to, a driving under the influence conviction from 2018 which was reduced in court and should have been reporting as reckless driving and should not have been reporting twice. BeenVerified falsely reported this criminal history about Plaintiff (herein after the "inaccurate information").

15. The inaccurate information grossly disparages the Plaintiff and portrays him as having a driving under the influence conviction - which he does not have.

16. In creating and furnishing the Plaintiff's consumer report, Defendant failed to update its public record information about Plaintiff to know that the 2018 driving under the influence conviction was reduced to reckless driving. Any rudimentary inspection of the public records would reveal these inaccuracies. Defendants failed to employ such a procedure.

17. Defendant has sold reports containing the inaccurate information to third parties since at least October 2020.

18. Plaintiff was subsequently denied employment at Megastar and Plaintiff was informed by Megastar that the basis for this denial was the inaccurate criminal information that appears on Plaintiff's BeenVerified consumer report and that the inaccurate information was a substantial factor for the denial.

19. At the time of the initial dissemination of the inaccurate and defamatory report, Defendant knew or should have known, that the defamatory information contained in the report was false.

20. At the time of the initial dissemination of the inaccurate and defamatory report, Defendant acted with reckless disregard for the truth.

21. Further, Defendant engaged in an unconscionable commercial practice when it reported the inaccurate information about Plaintiff. Specifically, a driving under the influence conviction from 2018 which was reduced in court and should have been reporting as reckless driving.

22. Based on the above Defendant knew or should have known that its actions violated federal and state laws, including N.Y. Gen. Bus. Law §349 and could have taken necessary steps to bring their agents actions within compliance of the statue but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

23. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation, and embarrassment.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I
## PLAINTIFF v. BEENVERIFIED
## VIOLATIONS OF THE FCRA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

28. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

31. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II
## PLAINTIFF v. BEENVERIFIED
## DEFAMATION-LIBEL

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. As detailed above, the "inaccurate information" contained in the reports was false and defamatory.

34. Defendant's act in publishing the reports to third parties was willful and knowing.

35. The "inaccurate information" was present in reports that were published and disseminated to third parties.

36. There was no privilege among Defendant and the third parties to which it disseminated the inaccurate and defamatory reports.

37. As detailed above, Defendant's conduct was libelous per se.

38. As detailed above, Defendant's libel is actionable per se.

39. As a result of Defendant's libel, Plaintiff has sustained significant economic and non-economic damage in the form of damage to reputation, loss of business, loss of income, loss of standing within his community, and emotional distress in the form of embarrassment, stress and anxiety.

40. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of actual, compensatory and punitive damages.

## COUNT III
## PLAINTIFF v. BEENVERIFIED
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW

41. Plaintiff re-alleges all prior allegations as if fully set forth here.

42. Defendant engaged in deceptive acts or practices in the conduct of its business, trade or commerce, or in the furnishing of any service.

43. Defendant engaged in such deceptive acts or practices, by reporting derogatory the inaccurate information relating to Plaintiff's criminal history to third parties.

44. Defendant's act or actions were deceptive and materially misleading to a reasonable consumer because they misidentified Plaintiff's criminal record.

45. Defendant's acts and omissions detailed herein violate N.Y. Gen. Bus. Law §349.

46. Plaintiff has suffered significant harm, including financial, actual, and compensatory harm, as a direct result of Defendant's violation of N.Y. Gen. Bus. Law §349.

47. Pursuant to N.Y. Gen. Bus. Law, Defendant is liable to the Plaintiff for engaging in prohibited acts and misrepresenting Plaintiff's criminal history.

48. Plaintiff was damaged by Defendant's conduct. These damages include but are not limited to his ability to gain employment.

49. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual, and treble damages, along with the attorneys' fees and costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT IV
## PLAINTIFF v. BEENVERIFIED
## NEGLIGENCE

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. Defendant's negligence consists of producing inaccurate consumer reports about Plaintiff. The inaccurate information includes, but is not limited to, a driving under the influence conviction from 2018 which was reduced in court and should have been reporting as reckless driving. Defendant falsely reported this criminal history about Plaintiff.

52. Defendant engaged in negligent behavior when it provided the inaccurate information about Plaintiff to a person, third party or entity.

53. As a result of Defendant's above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

54. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff that are outlined more fully above.

## JURY TRIAL DEMAND

55. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Dated: January 29, 2021                            Respectfully submitted,

*/s/ Adam G. Singer*
Adam G. Singer (AS 7294)
**LAW OFFICE OF ADAM G. SINGER, PLLC**
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.842.2428
E: asinger@adamsingerlaw.com

*/s/ Alexis I. Lehmann*
Alexis I. Lehmann, Esq.*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215.735.8600
E: alehmann@consumerlawfirm.com
* *Application for admission pro hac vice forthcoming*

*Attorneys for Plaintiff*